*87 Curia, per
Evans, J.
Very little need be said in this case. The rules of law regulating private ways have been very fully considered in a series of cases heretofore. By these, it is clearly settled that the use of a road through the uninclosed land of another, will not, of itself, give a title by prescription. There must be something adverse in the use to give title; (Sims vs. Davis and Tygart, Chev. 1; Nash vs. Peden, 1 Sp. 17.) In this case there was no proof of any act shewing that the use was not permissive. Every thing proved was consistent with the title of the owner of the land. There was no evidence that the plaintiff, or those under whom he claimed, had opened the road or worked on it, or had done any thing which indicated that he claimed the way as a right.. The removal of the saplings by his overseer cannot be -so regarded. A similar act had been done in Nash vs. Peden, which the court regarded as wholly insufficient to establish adverse use. The only question about which any difference of opinion can exist is, whether the evidence should not have been submitted to the jury. If it had been, and the jury had found for the plaintiff, a new trial must inevitably have been granted, as was done in the case of Nash vs. Peden, before referred to. There was nothing to refer to the jury. The facts were clear, and the question was one of law, whether the plaintiff had established any right to recover. The jury might have conjectured that, as the road terminated at the plaintiff’s house, the former owner of the land had laid it out. But he who claims an easement on another’s land, must establish it clearly: the proof must amount to something more than conjecture or probability.
The motion is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.